1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROGER S. RAPHAEL, SB# 111946
2    Email: Roger.Raphael@lewisbrisbois.com
SHOBA C. DANDILLAYA, SB# 212829
3    Email: Shoba.Dandillaya@lewisbrisbois.com
333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
Telephone:   415.362.2580
5  Facsimile:   415.434.0882

6  Attorneys for Defendant, BMW OF NORTH AMERICA, LLC

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| 11  ANDREA SEEBACH, | CASE NO. |
| 12            Plaintiff, | **DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441(a) AND 1331** |
| 13        vs. | |
| 14  BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, | **[FEDERAL QUESTION JURISDICTION; DIVERSITY JURISDICTION]** |
| 15            Defendant. | |
| 16 | |
| 17 | |

18  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN**

19  **DISTRICT OF CALIFORNIA:**

20        **PLEASE TAKE NOTICE** that on January 17, 2018, Defendant BMW OF NORTH

21  AMERICA, LLC ("Defendant"), filed this Notice of Removal on the basis of federal question

22  jurisdiction pursuant to 28 U.S.C. §§ 1331, 1446, and 1367(a).

23        1.      On December 12, 2017, Plaintiff ANDREA SEEBACH ("Plaintiff"), by and through

24  her attorneys, filed a civil action in the Superior Court of the State of California in and for the County

25  of Sacramento, entitled *Andrea Seebach v. BMW of North America, LLC, and DOES 1 through 10*,

26  Case No. 34-2017-00223606.   A true and correct copy of the Summons, Complaint and Proof of

27  Service of Summons, and all documents served therewith, are attached as **Exhibit A**.

28

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

2.     On December 18, 2017, the Summons and Complaint was served on Defendant.  This Notice of Removal is filed within the thirty (30) day time limit for removal set forth in 28 U.S.C. § 1446(b)(3).

## FEDERAL QUESTION JURISDICTION

3.     The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. § 1441(b)(3), in that Plaintiff's Complaint contains a cause of action "arising under the Constitution, laws, or treaties of the United State."

4.     Plaintiff's Complaint alleges, among other things, that Defendant breached express warranties and implied warranties of merchantability under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

## JURISDICTION OVER STATE LAW CLAIMS

5.     The other causes of action and bases for relief asserted by Plaintiff in this action arise out of the same set of facts and are part of the same case and controversy involving alleged nonconformities in Plaintiff's 2015 BMWi8 vehicle, so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a).

## DIVERSITY JURISDICTION

6.     The *Seebach* action is a civil suit over which the Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.     Diversity of citizenship is based upon the following:

      a.     On information and belief, Plaintiff Andrea Seebach ("Seebach") is and was at all relevant times a citizen of the State of California.

      b.     Defendant BMW of North America, LLC is and was at all relevant times a limited liability corporation formed under the laws of the State of Delaware and that had its principal place of business in New Jersey.

8.     In this lawsuit, Plaintiff alleges that BMW delivered a nonconforming vehicle and failed to replace or provide restitution with regards to the vehicle after a number of repair attempts.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-2871-8170.1

2

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT

1  (Complaint, ¶ 7.)  The Complaint allege causes of action for (a) breach of express warranty—Song-

2  Beverly Consumer Warranty Act, (b) breach of implied warranty--Song-Beverly Consumer Warranty

3  Act, (c) violations of the Magnuson-Moss Warranty Act, (d) breach of implied warranty--Magnuson-

4  Moss Warranty Act.

5         Plaintiff alleges that she is entitled to the following damages: a declaration that the contract is

6  rescinded; a declaration that Defendant has been given a reasonable number of repair attempts and/or

7  days to conform the Vehicle to the warranty; actual damages according to proof; restitution;

8  reasonable attorneys' fees; costs and expenses reasonably incurred in connection with this action; and

9  "other relief as the Court deems just and proper."  (Complaint, Prayer for Relief ¶¶ 1-7, pp. 7-8.).

10  Based on Plaintiff's expenditure, her request for compensatory damages and other alleged requested

11  damages as noted above, there is a preponderance of the evidence that the amount in controversy

12  exceeds $75,000 irrespective of fees and costs.  In *Sanchez v. Monumental Life Ins. Co.* (1996) 95

13  F.3d 856, 862 (9th Cir.) the court held that a removing defendant must show by a preponderance of

14  the evidence that the amount in controversy more likely than not exceeds $75,000.  As such,

15  Plaintiff's Complaint clearly meets the statutory requirement for damages.

16  <u>**All Other Prerequisites for Removal Have Been Satisfied**</u>

17         9.      This removal notice is filed in the United States District Court for the Eastern District

18  of California, because the *Seebach* action is pending in state court in the County of Sacramento.

19         10.      Defendant has sought no similar relief with respect to this matter.

20         **WHEREFORE**, Defendant respectfully prays that this Notice of Removal be deemed good

21  and sufficient, and that Case No. 34-2017-00223606 be removed from the Superior Court of

22  California, County of Sacramento, to the docket of this Honorable Court.

23  DATED: January 17, 2018                    LEWIS BRISBOIS BISGAARD & SMITH LLP

24                                             By:  */s/ Roger S. Raphael*

25                                             Roger S. Raphael
                                               Shoba C. Dandillaya
26                                             Attorneys for Defendant, BMW OF NORTH AMERICA, LLC

27

28



**CERTIFICATE OF INTERESTED PARTIES**

Pursuant to Federal Rule of Civil Procedure, rule 7.1, the undersigned certifies that as of this date, the following have an interest in the outcome of this case:

| | | |
|---|---|---|
| 1. | BMW of North America, LLC | Defendant |
| 2. | Bayerische Motoren Werke AG | Defendant |
| 3. | BMW (US) Holding Corp. | Related Entity |
| 4. | BMW International Holding B.V. | Related Entity |
| 5. | BMW Beteiligungs GmbH & Co. KG | Related Entity |
| 6. | BMW INTEX Beteiligungs GmbH | Related Entity |
| 7. | There are no other known interested parties other than those listed above. | |

DATED: January 17, 2018                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Roger S. Raphael*

Roger S. Raphael
Shoba C. Dandillaya
Attorneys for Defendant, BMW OF NORTH AMERICA, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT A

12/18/17 @ 2:50 p.m.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BMW OF NORTH AMERICA, LLC; and DOES ONE through TEN

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREA SEEBACH



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED

DEC 1 2 2017

By: M. Chapman
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* County of Sacramento | CASE NUMBER: *(Número del Caso):* 34-2017-00223606 |
|---|---|
| 720 Ninth Street<br>Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Jon Jacobs; 5701 Lonetree Blvd., Suite 202; Rocklin, CA 95765; (916) 663-6400

| DATE: DEC 1 2 2017<br>*(Fecha)* | Clerk, by M. CHAPMAN<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BMW of North America, LLC

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/18/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

 CT Corporation

**Service of Process Transmittal**
12/18/2017
CT Log Number 532491076

TO: Howard Harris
BMW of North America, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

RE: **Process Served in California**

FOR: BMW of North America, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Andrea Seebach, Pltf. vs. BMW of North America, LLC, et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Cover sheet, Instructions |
| COURT/AGENCY: | Sacramento County - Superior Court - Sacramento, CA<br>Case # 34201700223606 |
| NATURE OF ACTION: | Product Liability Litigation - Lemon Law - 2015 BMW 3281, VIN: WBA3A5G51FN583641 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/18/2017 at 14:50 |
| JURISDICTION SERVED : | California |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Jon P. Jacobs<br>LAW OFFICES OF JON JACOS<br>5701 Lonetree Blvd., Suite 202<br>Rocklin, CA 957365<br>916-663-6400 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/19/2017, Expected Purge Date: 12/24/2017<br><br>Image SOP<br><br>Email Notification,  Barry Chen  Barry.chen@bmwnaext.com<br><br>Email Notification,  Diane Carbone  Diane.Carbone@bmwna.com<br><br>Email Notification,  Gino Palacios  Gino.Palacios@bmwnaext.com<br><br>Email Notification,  WR Litigation  WR_LITIGATION@bmwna.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



FILED/ENDORSED

DEC 12 2017

By: M. Chapman
Deputy Clerk

1  Jon P. Jacobs (SBN 205245)
   Ryan H. Gomez (SBN 305208)
2  LAW OFFICES OF JON JACOBS
   5701 Lonetree Blvd., Suite 202
3  Rocklin, CA 95765
   Telephone: (916) 663-6400
4  Facsimile: (916) 663-6500

5  Attorneys for Plaintiff
   ANDREA SEEBACH

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              FOR THE COUNTY OF SACRAMENTO

10  ANDREA SEEBACH,                    CASE NO. 34-2017-00223606

11            Plaintiff,               COMPLAINT FOR DAMAGES AND
                                       INJUNTIVE RELIEF
12  v.
                                       Violations of:
13  BMW OF NORTH AMERICA, LLC; and
    DOES ONE through TEN,                 • Song–Beverly Consumer Warranty
14                                          Act (Express and Implied Warranties)
              Defendant.                  • Magnuson–Moss Warranty Act
15                                          (Express and Implied Warranties)

16                                     UNLIMITED JURISDICTION DAMAGES
                                       EXCEED $25,000

17  Plaintiff alleges:

18                      FACTS COMMON TO ALL COUNTS

19  1.   Defendant BMW OF NORTH AMERICA, LLC ("BMW") is a duly authorized

20       corporation doing business in Sacramento County, California.

21  2.   Plaintiff ANDREA SEEBACH ("Plaintiff") is ignorant of the true names and/or

22       capacities of the Defendants sued herein under the fictitious names DOES ONE through

23       TEN. They are sued herein pursuant to C.C.P. § 474. When Plaintiff becomes aware of

24       the true names and/or capacities of these Defendants, Plaintiff will amend this Complaint

25       to state their true names and capacities.

26  3.   On or about August 18, 2015, Plaintiff leased a slightly used 2015 BMW 328I, VIN:

27       WBA3A5G51FNS83641 in California, which was manufactured and/or distributed, and

28       warranted, by BMW.

                                          1

Seebach v. BMW NA, LLC

                                                              Complaint

4.   In connection with the transaction, BMW issued to Plaintiff express warranties within the meaning of Cal. Civ. Code § 1791.2, which were also written warranties within the meaning of 15 U.S.C. § 2301(6). By the terms of the express warranties, BMW promised that the Vehicle's materials and workmanship would be free of defects, undertook to preserve and maintain the utility and performance of the Vehicle, and to provide compensation if there is any failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the Vehicle.

5.   Plaintiff leased the Vehicle primarily for personal, family, or household purposes.

6.   Subsequent to Plaintiff's lease, the Vehicle exhibited numerous defects and nonconformities covered by the warranties, which substantially impair the use, value, and safety of the Vehicle to Plaintiff. The defects and nonconformities include, but are not limited to the following (mostly written by the servicing dealer):

| Problems | Date | Odo. | Days | RO # |
|---|---|---|---|---|
| Paint Application - VERIFIED - Customer states the chrome around the shifter is bubbling up. Bad paint application. Replaced shifter trim due to paint lifting. | 9/18/15 | 8,879 | 1 | 786567 |
| Brakes - VERIFIED - Customer states the brakes intermittently will make a loud squealing noise when they are applied. Happens hot or cold. Checked front and rear brakes, appear new. Front pads measure 11mm and rears 10mm. brake pads and rotors in great condition. Removed all wheels then brake pads on both axles to chamfer the edges of the pads and apply lube to contact points. | 12/04/15 | 12,845 | 1 | 789740 |
| Wipers - VERIFIED - Customer states the front wipers are streaking Removed and replaced streaking wiper blades. | 3/01/16 | 17,678 | 1 | 793025 |
| Interior Odor - VERIFIED - Customer states car sat for a week and now has a bad odor. Found strange smell at first. No signs of rodents found at this time. Removed and replaced the micro filter and sprayed some A/C conditioning treatment on filter. No signs of water leaks at this time. | 2/02/17 | 33,507 | 3 | 806496 |
| Oil Leak - VERIFIED - Tech found oil leak during inspection. Found oil leaking from | | | | |

Seebach v. BMW NA, LLC

Complaint

| | | | |
|---|---|---|---|
| the valve cover gaskets onto the exhaust pipes. Removed valve cover and replaced all gaskets. Re-installed all components and verified no leaks after repairs. | | | |
| **Water Leak - VERIFIED -** Customer sates there is water in back seat floor area. Found water leaking from both rear door seals Found both rear door seals adhesive failing to keep the seals intact and causing a water leak into the rear of the vehicle. Removed both front seat. Removed rear carpet and let the carpet dry and vacuumed all water out of the vehicle and let dry. Removed both rear door panels and replaced both rear door seals. Re-installed all components and verified no leaks found after repairs. | 2/21/17 | 34,452 | 5 | 807272 |
| **Brakes - *2nd Repair Attempt* - VERIFIED -** Customer states brakes squeak. Verified customer concern. Test drive, found brake squeaking while braking. Brake inspection found all four brake rotors surface are category 2 pitting. Further inspection found front brake rotors at 23.6mm and rear at 19.6mm (above minimum spec.). Performed SI3341016. Removed and replaced front/rear brake pads and sensor plus re-surfaced. Verified repair and results OK.<br><br>**Cooling System - VERIFIED -** Customer states A/C takes 10-15 minutes before it gets cold. Performed A/C system performance testing. High side 210 PSI at 80F ambient air temperature. Low side 25 PSI at 40F cabin air temperature. Inspected radiator fan. Compressor clutch engagement and blower motor operation, results OK. Test at max A/C 1500 RPM's. Recovered 1.02 refrigerant (slightly low). Performed 30 minute evac., oil/dye injection and recharged, results found cabin air temperature at 40F. Note: for optimum A/C cooling performance make use of cabin re-circulation on. Verified repair and results OK. | 6/29/17 | 40,108 | 1 | 812592 |
| **Water Leak - *2nd Repair Attempt* - VERIFIED -** Customer states left rear door seal is coming off. Replaced last service. Found the left rear door weather seal adhesive not sticking to door as designed and getting smashes inside of the door. Removed and replaced the left rear door weather seals as a parts warranty. Verified | 9/06/17 | 43,687 | 2 | 815515 |

3

| | | | | |
|---|---|---|---|---|
| the new door seal is sticking to door as designed at this time.<br><br>**Interior Trim** - VERIFIED - Customer states sill plate trim piece came off. Found the driver sill trim pulled up. Re-installed the driver side sill trim.<br><br>**Brakes** - *3rd Repair Attempt* - Customer states brakes squeak at low speed braking. All pads over 6mm could not verify squeak. Customer advised to monitor and report if problem persists. | | | | |
| **Water Leak** - *3rd Repair Attempt* - VERIFIED - Customer states water is entering front right rear door. Found water leaking at ride side door. Also found left rear vapor barrier not sticking and leaking water. Removed both ride side door panels to inspect for source and found both passenger side vapor barriers had come loose from the door causing water ingress. Removed left rear door panel and both right side door panels. Removed all 3 vapor barriers and cleaned off adhesive for the vapor barriers. Installed 3 new vapor barriers with new adhesive and re-installed all 3 door panels. Removed both front seats and carpets. Vacuumed all water that was in vehicle and let carpe dry for 2 days. Re-installed carpets and seats. Verified no water leaking vehicle after all repairs. | 11/17/17 | 47,054 | 4 | 818653 |
| **Water Leak** - *4th Repair Attempt* - VERIFIED - Customer states left door seal came loose. See History. Left rear door seal coming loose, replaced left rear door seal. | 12/1/17 | 47,327 | 1 | 819206 |

7.   Plaintiff delivered the nonconforming Vehicle to BMW and/or its authorized repair

facilities for repairs pursuant to the terms of the warranties. BMW has failed to repair the

Vehicle, or replace the Vehicle or provide restitution after a reasonable number of repair

attempts.

**FIRST CAUSE OF ACTION**
**Breach of Express Warranty—Song–Beverly Consumer Warranty Act**
**Against BMW**

8.   Plaintiff incorporates all preceding paragraphs.

9.   Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

10. The Vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

11. BMW is a "warrantor" as contemplated by Cal. Civ. Code § 1795.

12. Plaintiff's lease of the Vehicle was a "sale" as defined by Cal. Civ. Code § 1791(n).

13. BMW violated the Song–Beverly Consumer Warranty Act by failing to conform the Vehicle to the express written warranties within a reasonable number of repair attempts or within the warranty periods, and by failing to promptly replace the Vehicle or make restitution to Plaintiff.

14. The above-described defects, malfunctions, and nonconformities substantially impair the use, value, and safety of the Vehicle.

15. Plaintiff has not made unreasonable or unintended use of the Vehicle.

16. Pursuant to Cal. Civ. Code § 1793.2(d), BMW must refund the price of the Vehicle to Plaintiff.

17. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

18. As a direct and proximate result of said violations of the Song–Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000.00 according to proof.

19. The failure of BMW to comply with the Song–Beverly Act was willful in that BMW had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund.

20. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### SECOND CAUSE OF ACTION
### Breach of Implied Warranty—Song–Beverly Consumer Warranty Act
### Against All Defendants

21. Plaintiff incorporates all preceding paragraphs.

22. Pursuant to Cal. Civ. Code § 1792, the Vehicle was accompanied by each defendant's implied warranty that the goods are merchantable.

---

5

Seebach v. BMW NA, LLC

Complaint

23.   Pursuant to Cal. Civ. Code § 1793, and because of the existence of the express warranty, each defendant may not disclaim, limit, or modify the implied warranties provided by the Song–Beverly Act.

24.   Each defendant breached the implied warranty of merchantability as stated in Cal. Civ. Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the Vehicle unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

25.   Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

26.   As a direct and proximate result of said breach of implied warranty, Plaintiff has sustained and continues to sustain, actual, incidental and consequential damages in the approximate amount of $42,000.00 according to proof.

27.   Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### THIRD CAUSE OF ACTION
#### Violations of the Magnuson–Moss Warranty Act
#### Against BMW

28.   Plaintiff incorporates all preceding paragraphs.

29.   The Vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

30.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

31.   BMW is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C. §§ 2301(4) and (5).

32.   The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

33.   BMW violated the Magnuson–Moss Warranty Act by failing to conform the Vehicle to the express written warranties within a reasonable number of repair attempts, a reasonable amount of time, or within the warranty periods. BMW failed to cure its failure to comply with the Act.

34.   Prior to commencing this action, Plaintiff afforded BMW reasonable opportunities to cure the failures and to comply with the Act.

Seebach v. BMW NA, LLC

Complaint

35.   Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the Vehicle and rescinds the contract. Plaintiff is entitled to restitution of all consideration given.

36.   As a proximate result of the violations of the Act, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $42,000.00.

37.   Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### FOURTH CAUSE OF ACTION
### Breach of Implied Warranty—Magnuson–Moss Warranty Act
### Against All Defendants

38.   Plaintiff incorporates all preceding paragraphs.

39.   Pursuant to 15 U.S.C. § 2301(7), the breaches by each defendant of the state-law implied warranties, as set forth above, also constitute breaches of the implied warranties pursuant to the Magnuson–Moss Warranty Act.

40.   Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

41.   As a proximate result of the breaches of implied warranties, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $42,000.00.

42.   Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### PRAYER FOR RELIEF

(1)   A declaration that the sales contract is rescinded;

(2)   A declaration that BMW has been given a reasonable number of repair attempts and/or days to conform the Vehicle to the warranty;

(3)   Actual damages according to proof;

(4)   Restitution of all consideration given by Plaintiff and/or paid out toward the Vehicle;

7

Seebach v. BMW NA, LLC

Complaint

1    (5) . Reasonable attorneys' fees according to proof;

2    (6) ¨Costs and expenses reasonably incurred in connection with this action; and

3    (7) · Such other relief as the Court deems just and proper.

4    Dated: December __4__, 2017                      LAW OFFICES OF JON JACOBS

5

6                                                     Jon F. Jacobs

7                                                     Ryan H. Gomez
                                                      Attorneys for Plaintiff
8                                                     ANDREA SEEBACH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          8

Seebach v. BMW NA, LLC                                          Complaint

```
1   Jon P. Jacobs (SBN 205245)
    Ryan H. Gomez (SBN 305208)
2   LAW OFFICES OF JON JACOBS
    5701 Lonetree Blvd., Suite 202
3   Rocklin, CA 95765
    Telephone: (916) 663-6400
4   Facsimile: (916) 663-6500
5   Attorneys for Plaintiff
    ANDREA SEEBACH
6
7
```

┌─────────────────────────────┐
│  FILED/ENDORSED             │
│                             │
│     DEC 1 2 2017            │
│                             │
│  By:    M. Chapman          │
│           Deputy Clerk       │
└─────────────────────────────┘

```
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                FOR THE COUNTY OF SACRAMENTO

10   ANDREA SEEBACH,                    CASE NO. 34-2017-00223606
11            Plaintiff,                 DECLARATION OF RYAN H. GOMEZ
                                         FOR FILING OF COMPLAINT
12   v.
13   BMW OF NORTH AMERICA, LLC; and
     DOES ONE through TEN,
14
              Defendant.
15
```

16   I, Ryan H. Gomez, declare:

17   1.   I am an attorney at law duly admitted to practice before the courts of the State of

18        California and am the attorney of record for Plaintiff ANDREA SEEBACH.

19   2.   The following declaration is made upon my own true knowledge and belief of the

20        events which have occurred in this matter.

21   3.   The Complaint filed concurrently herewith is filed in a proper place for the trial

22        thereof, for the reason(s) checked below:

23   ☐    This is the county in which the subject matter of the action, or a substantial portion

24        thereof, occurred;

25   ☐    This is the county in which the person against whom the action is brought resides;

26   ☒    This is the county in which the person against whom the action is brought has its

27        principal place of business or is doing business; and/or

28   ☐    This is the county in which the parties entered into the subject transaction.

---

Seebach v. BMW NA, LLC

1

Declaration

1      I declare under penalty of perjury under the laws of the State of California that the foregoing

2  is true and correct. Executed at Rocklin, California.

3

4  Dated: December 4, 2017

5

6

7

8

                                         LAW OFFICES OF JON JACOBS

                                         Jon P. Jacobs/
                                         Ryan H. Gomez
                                         Attorneys for Plaintiff
                                         ANDREA SEEBACH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Seebach v. BMW NA, LLC                                          Declaration



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

**Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

**Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

_UNLIMITED CIVIL CASES_
- A _Stipulation and Order to Mediation – Unlimited Civil Cases_, Form CV\E-MED-179 _(see attached)_ may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a _Stipulation and Order to Mediation – Unlimited Civil Cases_ within 14 calendar days after their CMC.

- A _Mediation Statement_ must be filed with the _Case Management Statement_.

_LIMITED CIVIL CASES_
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento

Case Management

## Arbitration
### UNLIMITED CIVIL CASES

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration: A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

### Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA 95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

### Program Case Notice
Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court. A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause.
Please refer to Local Rules Chapter Two – Part 4 for more information.

### NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

Program Case Notice (Unlimited Civil Case)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME: Gordon D Schaber Courthouse<br><br>PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE:  Seebach vs. BMW of North America LLC | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2017-00223606-CU-BC-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 06/14/2018 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed In Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR          Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 12/13/2017

*David W. Abbott*

David W. Abbott, Judge of the Superior Court

**CERTIFICATE OF SERVICE**
*Andrea Seebach v. BMW of North America LLC, et al.*
Sacramento County Superior Court Case No. 34-2017-00223606

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 17, 2018, I served the following document:

**DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441(a) AND 1331**

I served the document on the following persons at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| Jon P. Jacobs, Esq.<br>Ryan H. Gomez, Esq.<br>Law Offices of Jon Jacobs<br>5701 Lonetree Blvd., Suite 202<br>Rocklin, CA  95765<br>***Attorneys for Plaintiff Andrea Seebach*** | Tel:     916.663.6400<br>Fax:     916.663.6500<br>Email:  office@lemonbuyback.com |

The document was served by the following means:

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America  that the foregoing is true and correct.

Dated:  January 17, 2018

*Gina Forese*
_____
Gina Forese

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-2871-8170.1

CERTIFICATE OF SERVICE