UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA SEEBACH,

Plaintiff,

v.

BMW OF NORTH AMERICA, LLC,

Defendant.

No. 2:18-cv-00109-KJM-AC

ORDER

Defendant removed this case to federal court without providing a clear jurisdictional basis and is therefore ORDERED to show cause why this case should not be remanded to state court.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Generally, subject matter jurisdiction may be established through either (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[T]he defendant always has the burden of establishing that removal is proper, and [] the court resolves all ambiguity in

/////

1

favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted) (citation omitted).

Here, defendant claims both federal question jurisdiction and diversity jurisdiction as the basis for removal, but does not adequately explain either basis. Removal, ECF No. 1 at ¶¶ 3-8. Specifically, defendant contends, with little elaboration, that "[b]ased on Plaintiff's expenditure, her request for compensatory damages and other alleged requested damages as noted above, there is a preponderance of the evidence that the amount in the controversy exceeds $75,000 irrespective of fees and costs." *Id.* ¶ 8. In the parties' joint status report, plaintiff explained, "it is unclear whether this Court has federal question jurisdiction, or diversity jurisdiction." ECF No. 8 at 2. The court agrees.

The facts, as alleged, do not clearly invoke federal question or diversity jurisdiction. Plaintiff alleges she leased a "slightly used" BMW automobile in August 2015 that soon exhibited defects and nonconformities covered by applicable warranties. Compl., ECF No. 1, Ex. A ¶¶ 3, 6 (listing defects). Plaintiff delivered the vehicle to authorized repair facilities but defendant never resolved the issues. *Id.* ¶ 7. Plaintiff sued defendant in state court for violating California's Song-Beverly Consumer Warranty Act, California Civil Code § 1790, et seq., and the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. *Id.* ¶¶ 8-42. She seeks approximately $42,000 in damages, *id.* ¶¶ 18, 26, 36, 41, declaratory relief, restitution, attorney's fees and costs, *id.* at 14-15 (prayer for relief).

Based on these allegations, defendant's bare explanation that the amount in controversy "exceeds $75,000 irrespective of fees and costs" does not satisfy the court of its jurisdiction. *See* Removal ¶ 8. Although the Magnuson-Moss Warranty Act grants federal courts jurisdiction to hear claims for breach of express and implied warranties for which the amount in controversy is at least $50,000, defendant has not explained how this controversy meets that sum either. *See* 15 U.S.C. § 2310(d)(3) ("No claim shall be cognizable in a suit brought [in federal court] . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.").

/////

| | |
|---|---|
| 1 | Defendant is ORDERED to SHOW CAUSE within seven days why this case |
| 2 | should not be remanded to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final |
| 3 | judgment it appears that the district court lacks subject matter jurisdiction, the case shall be |
| 4 | remanded.").  Plaintiff's response, if any, is due seven days thereafter. |
| 5 | IT IS SO ORDERED. |
| 6 | DATED: September 27, 2018. |
| 7 | |
| 8 | _____<br>UNITED STATES DISTRICT JUDGE |