UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA SEEBACH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BMW OF NORTH AMERICA, LLC.,<br><br>　　　　Defendant. | No.  2:18-cv-00109-KJM AC<br><br>ORDER |

In this "lemon law" action, plaintiff has obtained a judgment and now moves for the court to determine reasonable attorney's fees.  For the reasons below, the court GRANTS plaintiff's motion in part.

I.　　BACKGROUND

Plaintiff filed suit against defendant in Sacramento County Superior Court on December 12, 2017, alleging a violation of the Song-Beverly Consumer Warranty Act, California Civil Code section 1790, known as the "lemon law," based on her lease of an allegedly defective 2015 BMW 328i.  *See* Not. of Removal, ECF No. 1, at 8.  Defendant removed the action to this court on January 17, 2018.  *Id*. at 1.  The parties exchanged initial disclosures and engaged in written discovery over the summer and fall of 2018.  Opp'n, ECF No. 29, at 4.  Collectively, the parties conducted four depositions.  *Id.*  After the parties exchanged expert witness disclosures, but before they filed dispositive motions, they reached a settlement in October of 2019 and

1

1    notified the court of their agreement under Federal Rule of Civil Procedure 68.  *See* ECF Nos. 17,

2    20, 22.  The court then entered an Order of Judgment in this case, ECF No. 23, ordering that:

3    defendant shall pay (1) to plaintiff, $24,000, and (2) to the applicable finance company, the sum

4    necessary to pay off the financing of any loan still encumbering the subject vehicle.  Order, ECF

5    No. 23, at 1.  In addition, the order stated defendant "shall pay plaintiff's reasonable attorneys'

6    fees, costs, and expenses, in an amount to be agreed upon or, if the parties cannot agree, in the

7    amount awarded by the court pursuant to a noticed motion."  *Id.* at 2.

8            Because the parties could not agree on a reasonable attorneys' fees amount,

9    plaintiff filed the instant motion for attorney's fees on November 26, 2019.  Mot., ECF No. 25-1.

10   Defendant opposes, Opp'n, and plaintiff has replied, Reply, ECF No. 30.  The court submitted the

11   motion without a hearing and resolves it here.

12   II.      LEGAL STANDARD

13           Attorneys' fees in Song-Beverly cases are governed by California Civil Code

14   section 1794(d), which provides:

> If the buyer prevails in an action under this section, the buyer shall
> be allowed by the court to recover as part of the judgment a sum
> equal to the aggregate amount of costs and expenses, including
> attorney's fees based on actual time expended, determined by the
> court to have been reasonably incurred by the buyer in connection
> with the commencement and prosecution of such action.

19   Cal. Civ. Code. § 1794(d).  The parties do not dispute that plaintiff is entitled to recoup

20   reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. "The plain wording

21   of the statute requires the trial court to base the fee award upon actual time expended on the case,

22   as long as such fees are reasonably incurred—both from the standpoint of time spent and the

23   amount charged."  *Robertson v. Fleetwood Travel Trailers of CA, Inc.*, 144 Cal. App. 4th 785,

24   817 (2006).

25           "A prevailing buyer has the burden of showing that the fees incurred were

26   'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in

27   amount.'"  *Durham v. FCA US LLC*, No. 2:17-CV-00596-JLT, 2020 WL 243115, at *3 (E.D. Cal.

28   Jan. 16, 2020) (citing *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994);

*Goglin v. BMW of North America, LLC*, 4 Cal. App. 5th 462, 470 (2016)).  Under a contingent fee arrangement, "a prevailing buyer represented by counsel is entitled to an award of reasonable attorney fees for time reasonably expended by his or her attorney."  *Nightingale*, 31 Cal. App. 4th at 105 n.6.

If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice."  *Durham*, 2020 WL 243115, at *3 (quoting *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th at 550, 564 (2008)).  "Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive." *Id.* (citing *Premier Med. Mgmt. Sys.*, 163 Cal. App. 4th at 562, 564; *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[T]he party opposing the fee award can be expected to identify the particular charges it considers objectionable")).

III.    DISCUSSION

"The determination of what constitutes a reasonable fee generally begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (quoting *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000)); *see also Aviles v. Subaru of Am., Inc.*, No. 118CV01544 DAD SKO, 2020 WL 868842, at *2 (E.D. Cal. Feb. 21, 2020) (applying lodestar method to Song-Beverly Act case).

"To calculate the 'lodestar,' the Court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work."  *Arias v. Ford Motor Co.*, No. EDCV181928 PSG SPX, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020) (citing *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999)).  Plaintiff seeks recovery of "lodestar" attorney fees of $82,115 along with a "lodestar enhancement" or "multiplier" of 2.0, for a total of $164,230.  Mot. at 14.  Plaintiff includes a detailed billing record showing how plaintiff reached this amount.  Jacobs Decl., Ex. 1, ECF No. 25-4.  Specifically, plaintiff proposes the following hourly rate and number of hours:

/////

/////

3

|  | Hours | Billing Rate | Lodestar |
|---|---:|---:|---:|
| John Jacobs | 2.0 | $550/hr. | $1,100.00 |
| Terry Baker | 55.3 | $650/hr. | $35,945.00 |
| Carla Kheen | 10.6 | $650/hr. | $6,890.00 |
| Bobby Walker | 39.6 | $400/hr. | $15,840.00 |
| Ryan Gomez | 37.0 | $300/hr. | $11,100.00 |
| Ryan Gomez (post-rate change) | 3.7 | $350/hr. | $1,295.00 |
| Kayla Goettman | 54.7 | $150/hr. | $8,205.00 |
| Gabriela Torres | 2.7 | $150/hr. | $405.00 |
| Lisa Tyler | 7.5 | $150/hr. | $1,125.00 |
| Kimberly Riley | 1.4 | $150/hr. | $210.00 |
|  | **TOTAL** | | **$82,115.00** |

Mot. at 12.

Defendant argues plaintiff's fee demand is "unreasonable and excessive," Opp'n at 4, challenging (1) the attorneys' rates, (2) the reasonableness of the hours spent, and (3) the requested lodestar multiplier. *See generally* Opp'n. The court addresses these arguments in turn.

A.  Attorneys' Rates

"[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult[.]" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  To determine a reasonable rate, a court may refer to "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding fees in the community" and rates paid in other cases. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The reasonable hourly rate is the rate prevailing in the community for similar work." *Arias*, 2020 WL 1940843, at *3 (citing, *inter alia*, *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award

4

using an hourly rate that is based on the prevailing market rates in the relevant community.")). "The relevant community is the community in which the court sits." *Id.* (citing *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995)). "If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Id.* (citations omitted).

Plaintiff seeks to recover the fees generated by five different attorneys at rates ranging from $350 to $650 per hour for work performed on the case. Opp'n at 7 (citing Mot. at 8). Plaintiff bases these rates loosely on the 2017–2018 United States Consumer Law Attorney Fee Survey Report, published by Ronald L. Burdge, Esq. *See* Baker Decl. ¶ 18, ECF No. 25-2; Jacobs Decl., Ex. 2 (excerpt of U.S. Consumer Law Attorney Fee Survey Report), ECF No. 25-4. Plaintiff also supports his request with declarations from counsel Terry Baker, Baker Decl., ECF No. 25-2, Bobby Walker, Walker Decl., ECF No. 25-3, and Jon Jacobs, Jacobs Decl., ECF No. 25-4, detailing counsel's experience and explaining why their requested rates are reasonable.

Defendant argues there is little evidence to support plaintiff's claim that the rate requested is similar to the rate of attorneys with comparable experience, litigating similar cases, in Sacramento County. *See* Opp'n at 9. Citing several state court cases awarding fees for "lemon law" cases, defendant argues a reasonable rate would be $270 for partners and $205 for associates, or a blended rate of $237.50 per hour (averaging partner and associates rates for the number of hours worked). Opp'n at 11 (citing Raphael Decl., Ex. 10, ECF No. 29-1 (summary of calculations and spreadsheet detailing challenged billing entries)).

In addition to the parties' evidence, the court looks to attorneys' fees awards in similar cases in this district for guidance. In *Aviles,* 2020 WL 868842, at *6, for example, the court awarded: an average of $650 per hour for an attorney with roughly 35 years of experience; $500 to $350 for 15 to 20 years' experience; $325 to $275 for roughly 8 years of experience; $250 to $225 for roughly 4 years of experience; and $150 for a legal assistant. *See also Durham*, 2020 WL 243115, at *9 ("[T]he Sacramento Division and Fresno Division award comparable rates."). By contrast, the court in *Celestine v. FCA US LLC*, No. 2:17-CV-0597-JLT, 2019 WL 4274092, at *12 (E.D. Cal. Sept. 10, 2019), found that $300 per hour was a reasonable rate for an

5

1  attorney with roughly 16 years of experience, $250 for roughly 11 years' experience, $225 for
2  attorneys with 6 to 8 years of experience, and $175 for attorneys with less than five years'
3  experience.

4  Plaintiff seeks $650 per hour for Ms. Kheen, with roughly 35 years of experience,
5  Jacobs Decl. ¶ 20, and Mr. Baker, with roughly 20 years of experience, Baker Decl. ¶¶ 4–9; $550
6  for Mr. Jacobs, with roughly 20 years of experience; $400 for Mr. Walker, with roughly one year
7  of experience, Walker Decl. ¶¶ 4, 8; $300 to $350 for Mr. Gomez, with roughly 4 years of
8  experience, Jacobs Decl. ¶ 19; $175 for a certified law clerk; and $150 for four paralegals. *Id.*
9  ¶¶ 18, 23–26.

10  Several of the attorneys' requested rates are not reasonable for lodestar purposes.
11  For one, Mr. Walker's fees are not in line with average fees awarded in this area for his level of
12  experience. Mr. Walker states only that he graduated from law school in 2015 and has been a
13  member of the California State Bar for one year and two months. Walker Decl. ¶ 4. Without
14  more explanation, the court assumes Mr. Walkers only has one year and two months of
15  experience litigating, although he claims a specialty in "lemon law" cases such as this one. *Id.*
16  ¶ 5. As such, the court will reduce his rate for lodestar purposes to $200 per hour. Further, Mr.
17  Baker's experience of 20 years also warrants a lower rate. Taking into account the state court
18  judgments Mr. Baker cites, awarding him $475 to $505 for similar cases, Baker Decl. ¶¶ 12–16,
19  the court reduces his hourly rate for lodestar purposes to $505 per hour. For similar reasons, the
20  court also reduces Mr. Jacobs' rate to $505 per hour. The court finds the remaining rates
21  proposed by plaintiff to be within the reasonable range for the Sacramento market.

22  B.    Reasonableness of Hours Spent

23  Using the lodestar method, "a district court must start by determining how many
24  hours were reasonably expended on the litigation, and then multiply those hours by the prevailing
25  local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of*
26  *Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In determining an appropriate fee award, "the
27  district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"
28  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*,

461 U.S. 424, 434 (1983)).  The court retains discretion to reduce the fee award where fees were not reasonably incurred.  *See Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) ("'[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.").  However, as a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."  *Moreno*, 534 F.3d at 1112; *see also E–Pass Techs., Inc. v. 3Com Corp.*, Civ. No. 00–2255 DLJ, 2007 WL 4170514, at *6 (N.D. Cal. Nov. 14, 2007) ("[T]he court will not second-guess reasonable attorney conduct of a litigation strategy for the case.").

The billing records submitted in support of plaintiff's motion indicate counsel's firm overall spent 230.4 hours on this matter as of the filing of the instant motion, and counsel estimates an additional 12 hours to wrap up the settlement.  Jacobs Decl. ¶ 27 (citing *id.*, Ex. 1, ECF No. 25-4).  Plaintiff proposes his attorneys be compensated for 214.5 hours, the number of hours counsel chose to "charge."  *See id.* ("The Law Offices of Jon Jacobs has spent 230.4 hours on this matter as of now, not including the estimated 12 hours Terry Baker has left to close it out, despite us only charging 214.5 hours.").

Defendant challenges counsel's billing practices in several ways.  First, defendant challenges plaintiff's use of a minimum billing unit of 0.2 hours, and identifies billing entries it deems excessive or duplicative, such as when attorneys and paralegals bill for the same task.  Opp'n at 14 (citing Raphael Decl., Ex. 10).  Furthermore, defendant challenges billing entries made by attorneys that defendant characterizes as "administrative, clerical or secretarial work," arguing these hours should be significantly reduced.  *Id.* (citing Raphael Decl., Ex. 10).  Finally, defendant challenges counsel's 66 hours associated with, *inter alia*, preparing the instant fee motion and "wrap[ping] up the settlement."  *Id.* at 15 (citing Jacobs Decl., Ex. 1; Mot. at 2).  The court addresses each challenge in turn.

1.   Block Billing

The Ninth Circuit has defined block-billing as "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945,

n.2 (9th Cir. 2007) (citation omitted); *but see Banas v. Volcano Corp.,* 47 F. Supp. 3d 957, 966 (N.D. Cal. 2014) (defining block billing as "the practice of including various tasks within one time entry without specifying the time spent on each task within an entry").  The minimum amount of 0.2 used here does not fit this description of "block billing," and, given that plaintiff's counsel actually recorded the time spent on each task, the court does not reduce the lodestar amount on this basis.  *See* Jacobs Decl., Ex. 1.

### 2. Duplicative or Excessive Billing

Defendant argues certain billing entries reveal an excessive amount of time spent on a task, despite plaintiff's counsel's experience.  For example, defendant points to Terry Baker's recording "9.5 hours to 'review the file' (entries dated May 31, 2019 to June 15, 2019) and another 8 hours for 'trial preparation' (entry dated August 27, 2019), even though no trial date had been set before the case settled."  Opp'n at 14 n.6.  The court does not find the examples provided by defendant to be particularly excessive, especially given that, as a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112.

Furthermore, defendant argues several entries are "duplicative" but does not provide any examples, evidently expecting the court to weed through the attached spreadsheet of billing entries in Exhibit 10.  *See* Raphael Decl., Ex. 10 at 60 (titled "Powell v. BMW: Time Reduction Detail").  The court similarly will not reduce the loadstar on this basis.

### 3. Clerical Tasks

Next, defendant argues several billing entries made by paralegals are for "standard case management and administrative tasks," such as "updating the file, preparing Proofs of Service, scheduling deposition."  Opp'n at 15 & n.7.  The court agrees some of these tasks should not be included in the fee award, as they are purely clerical in nature.  *See Durham*, 2020 WL 243115, at *7 (reducing lodestar by hours spent on "printing and saving documents, reviewing pleadings, discovery and parties' documents production to prepare case files, and calendaring deadlines").  "When clerical tasks are billed at hourly rates, the court should reduce the hours

requested to account for the billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) ("[A]s a general rule, 'purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.'") (quoting *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989)). "Clerical tasks" include but are not limited to "creating indexes for a binder; filing emails, memoranda, and other correspondence; updating the case calendar with new dates; copying, scanning, and faxing documents; and filing or serving documents." *Moore*, 2016 WL 3648949 at *3 (citing *Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1102 (N.D. Cal. 2008)).

Defendant challenges 44 hours billed by paralegals for various reasons; from a general review of defendant's mistitled spreadsheet detailing its reasons for challenging each billing entry, the court estimates roughly 60 percent of defendant's challenges are legitimate, *see, e.g.*, Raphael Decl., Ex. 10 at 64 ("finalize amended depo notice for mail service," "email exchange with expert," "prepare our designation of counsel form")). Accordingly, 60 percent of the 44 challenged hours or 26.4 paralegal hours will be deducted.

### 4. Hours Associated with Settlement

Finally, defendant points out that counsel billed over 54 hours preparing the instant fee motion, and also requested an additional 12 hours to "wrap up the settlement," review defendant's opposition, and prepare plaintiff's reply." Opp'n at 15 (citing Jacobs Decl., Ex. 1; Mot. at 2). Defendants argue these "fees on fees" should be substantially discounted. *Id.* (citing *Levy v. Toyota Motor Sales*, 4 Cal. App. 4th, 807, 817 (1992)). Though plaintiff is entitled to the fees spent drafting and defending the fee motion, *see Gordillo v. Ford Motor Co.*, No. 1:11-CV-01786 MJS, 2014 WL 2801243 at 4 (E.D. Cal. June 19, 2014), the court agrees that more than 54 hours is unreasonably high, given that it represents roughly a quarter of the overall hours spent on this case. *See Arias*, 2020 WL 1940843 at 4 (finding 15.3 hours spent on fees motion unreasonable in part because it represented 13 percent of total number of hours billed); *Negrete v. Ford Motor Co.*, No. EDCV 18-1972 DOC (KKx), 2019 WL 4221397, at *4 (C.D. Cal. June 5,

9

2019) (finding hours unreasonable in lemon law case where 17 percent of hours were spent on attorneys' fees motion).

When, as here, "a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an 'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut.'" *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)).  The court here finds a 10 percent across-the-board percentage cut is appropriate.

### 5. Conclusion

In light of the reductions determined above, the lodestar amount is calculated using the following figures, bolded to show the court's adjustments to plaintiff's proposal:

|  | **Hours** | **Billing Rate** | **Lodestar** |
|---|---|---|---|
| John Jacobs | 2.0 | **$505**/hr. | **$1,010.00** |
| Terry Baker | 55.3 | **$505**/hr. | **$27,926.50** |
| Carla Kheen | 10.6 | $650/hr. | $6,890.00 |
| Bobby Walker | 39.6 | **$200**/hr. | **$7,920.00** |
| Ryan Gomez | 37.0 | $300/hr. | $11,100.00 |
| Ryan Gomez (post-rate change) | 3.7 | $350/hr. | $1,295.00 |
| Kayla Goettman | 54.7 | $150/hr. | $8,205.00 |
| Gabriela Torres | 2.7 | $150/hr. | $405.00 |
| Lisa Tyler | 7.5 | $150/hr. | $1,125.00 |
| Kimberly Riley | 1.4 | $150/hr. | $210.00 |
| **Adjustment for billing clerical tasks:** | **-26.4** | **$150/hr.** | **-$3,960.00** |
|  | | Sub total | $62,126.50 |
| **10 percent reduction for** | | | **-$6,212.65** |

| | | | |
|---|---|---|---|
| excessive billing on fees motion | | | |
| | | **TOTAL** | **$55,913.85** |

Accordingly, the total lodestar amount, without any multiplier, is **$55,913.85**.

C. <u>Lodestar Multiplier</u>

Once a court determines the lodestar, "it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1122.

Defendant argues no multiplier is warranted here. The parties agree the issues litigated were not novel or complex, *see* Reply at 2, but defendant further argues that the results achieved are not outstanding and defendant's insistence on litigating this case until the expert discovery phase does not support a multiplier. Opp'n at 17. Moreover, defendant argues, the public interest does not favor a multiplier because this case was litigated only on behalf of a private individual for her own benefit. *Id.* at 18 (citing *Levy*, 4 Cal. App. 4th at 814). Defendant acknowledges plaintiff's counsel assumed some risk taking this case on contingency but argues this does not outweigh the other factors counseling against a multiplier. Opp'n at 18.

The court agrees. "While the Song-Beverly Act is obviously designed to protect the public interest," not every action taken to enforce the statute necessarily promotes the public interest. *Levy*, 4 Cal. App. 4th at (analyzing attorney's fees under Code of Civil Procedure section 1021.5, which awards attorney's fees for actions in the public interest). Although enforcing consumer rights is in the public interest generally, this factor is, at best, only marginally in plaintiff's favor. Furthermore, the parties agree the case did not involve any issues that were particularly novel or complex nor does the court find any special skill was required. *Arias*, 2020 WL 1940843, at *5 (declining to award multiplier for similar reasons). "A contingent fee agreement only favors an upward departure when there is an 'uncertainty of prevailing on the merits and of establishing eligibility for the award.'" *Id.* (quoting *Robertson v. Fleetwood Travel*

*Trailers of California, Inc.*, 144 Cal. App. 4th 785, 819 (2006)). Given that plaintiff's counsel "regularly undertakes this type of work," the court does not find counsel faced such uncertainty of prevailing on the merits that a multiplier is warranted. *See id.* (finding same); *see also Celestine v. FCA US LLC*, No. 2:17-CV-0597-JLT, 2019 WL 4274092, at *14 (E.D. Cal. Sept. 10, 2019) ("[T]he Court finds the contingent nature of the fee award is outweighed by the other factors, particularly in this action where the disputed facts and issues to be resolved were minimal."); *Ortega v. BMW of N. Am., LLC*, No. 2:18-CV-06637-R-SK, 2019 WL 6792798, at *4 (C.D. Cal. Oct. 24, 2019) (denying to apply multiplier in part because, "[w]hile Plaintiff claims that Defendant dragged this case out unnecessarily and Plaintiff's counsel risked recovering nothing in exchange for the time expended and costs advanced, risk and delay are inherent in every contingency matter"). Accordingly, the lodestar amount remains **$55,913.85.**

IV.     CONCLUSION

   For the foregoing reasons, the court has adjusted the rates requested by plaintiff's counsel, deducted 26.4 paralegal hours for tasks that were clerical in nature and declined to apply a multiplier. Plaintiff's motion for fees is GRANTED in the modified amount of **$55,913.85**.

   IT IS SO ORDERED.

DATED: August 21, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE