UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrea Seebach, | No. 2:18-cv-00109-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| BMW of North America, LLC, | |
| Defendant. | |

Plaintiff Andrea Seebach submitted a request to tax costs under the California Song-Beverly Act Consumer Warranty Act. *See* Bill of Costs, ECF No. 24.  BMW objects to the extent Ms. Seebach requests $3,895 in fees paid to her retained expert witness. *See* Opp'n, ECF No. 31; Reply, ECF No. 34.

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012).  Section 1920 of Title 28, in turn, "defines the term 'costs' as used in Rule 54(d)" and "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987).  That section does not permit the court to tax compensation to a party's retained expert witnesses, but rather only compensation of "court appointed experts." 28 U.S.C. § 1920(6).  This court therefore has no authority to tax expert witness fees under Rule 54(d) and § 1920.

1

1    A different statute, 28 U.S.C. § 1821, does permit the taxation of expert witness fees, but
2    only for trial and deposition testimony, and only up to $40 per day. *See* 28 U.S.C. § 1821(a)–(b).
3    There was no trial in this case, and Ms. Seebach does not claim her expert offered deposition
4    testimony. *See* Bill of Costs at 7–8. For that reason, the requested expert witness fees are not
5    taxable under § 1821 either.

6    California law, by contrast, permits plaintiffs who prevail under the Song-Beverly
7    Consumer Warranty Act to recover a "reasonable" award of "costs and expenses," *see* Cal. Civ.
8    Code § 1794(d), and "costs and expenses" may be awarded under that provision in cases litigated
9    in federal courts, *see CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1111
10   (9th Cir. 2007) ("[W]hen state statutes authorize fee awards to litigants in a particular class of
11   cases, the statutes are substantive for *Erie* purposes if there is no 'direct collision' with the
12   Federal Rules."); *Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)
13   ("Ninth Circuit precedent has applied state law in determining . . . the right to fees . . . .").
14   California courts have also held that plaintiffs who prevail under the Song-Beverly Act are
15   entitled to compensation for fees paid to their retained expert witnesses. *See Jensen v. BMW of N.*
16   *Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995).

17   At first glance, then, it would appear plaintiffs who prevail in asserting Song-Beverly Act
18   claims in federal court may recover expert witness fees, but that is not clearly so. The Ninth
19   Circuit has held that the "reimbursement of witness fees is an issue of trial procedure" governed
20   by federal law. *Aceves v. Allstate Insurance Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). In *Aceves*,
21   the Circuit reversed the district court's decision to award expert witness fees under California's
22   offer of judgment statute. *See id.* at 1168. But in a later decision, the Circuit affirmed a district
23   court's decision to award costs under Oregon law in a diversity case because the state law there
24   was "substantive." *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1064–66 (9th Cir. 2003). It
25   cited the Oregon legislature's decision to award "costs of any kind" as "damages," which was an
26   "express indication of the state legislature's 'special interest in providing litigants' with full
27   compensation for reasonable sums expended.'" *Id.* at 1065 (quoting *Chevalier v. Reliance Ins.*
28   *Co. of Ill.*, 953 F.2d 877, 886 (5th Cir. 1992)). In *Clausen*, the court distinguished *Aceves* on that

2

1  basis: in *Aceves*, the Circuit explained, it did not adopt a substantive state legal rule; it resolved a
2  conflict "between a state rule of procedure and a federal rule of procedure" in favor of the federal
3  rule. *See id.* at 1064.

4  District courts within the Ninth Circuit disagree about the implications of *Aceves* and
5  *Clausen* for the cost-shifting provisions of the Song-Beverly Act. Are those provisions more like
6  the "procedural rules" of *Aceves* or the "substantive law" of *Clausen*? *Compare*, *e.g.*, *Self v. FCA*
7  *US LLC*, No. 17-01107, 2019 WL 1994459, at *15 (E.D. Cal. May 6, 2019) (following *Aceves*),
8  *with, e.g.*, *Zomorodian v. BMW of N. Am., LLC*, 332 F.R.D. 303, 305–07 (C.D. Cal. 2019)
9  (following *Clausen*); *see also Pollard v. FCA US LLC*, No. 17-00591, 2020 WL 57270, at *7
10 (C.D. Cal. Jan. 3, 2020), *appeal dismissed*, No. 20-55128, 2020 WL 2204270 (9th Cir. Mar. 25,
11 2020) (collecting cases). Courts within this district appear generally to fall within the first group.
12 *See, e.g.*, *Self*, 2019 WL 1994459, at *15; *but see Arias v. FCA US LLC*, 18-00392, 2019 WL
13 6211353, at *3 (E.D. Cal. Nov. 21, 2019) (applying California law and citing California's
14 "special interest in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses,"
15 without discussion of *Aceves*). This court has not considered the question directly, but it has
16 awarded costs to prevailing parties under the parties' agreement in a settlement class action with
17 Song-Beverly Act claims, and those costs included expert witness fees. *See Zakskorn v. Am.*
18 *Honda Motor Co.*, No. 11-02610, 2015 WL 3622990, at *16 (E.D. Cal. June 9, 2015).

19 Having now closely considered the Ninth Circuit's decisions in *Aceves* and *Clausen* and
20 the decisions of other district courts within the Circuit, this court holds that expert witness fees
21 may not be awarded in diversity actions under the Song-Beverly Act unless those fees are
22 available under 28 U.S.C. §§ 1920 and 1821. Three basic reasons support this conclusion.

23 First, when state statutes authorize awards of fees and costs "in a particular class of cases,
24 the statutes are substantive for *Erie* purposes if there is no 'direct collision' with the Federal
25 Rules." *CRST Van Expedited*, 479 F.3d at 1111. Sections 1920 and 1821, and therefore Rule
26 54(d), permit federal district courts to tax costs only for court-appointed expert witnesses and
27 experts who appear at trial or in a deposition. As a result, these sections directly conflict with the
28 broader cost-shifting provisions of the Song-Beverly Act, which, as interpreted by California

3

1  courts, permit the taxation of any reasonable expert witness costs.  *See Jensen*, 35 Cal. App. 4th at
2  138.  As the Ninth Circuit held in *Aceves*, such a cost-shifting provision is procedural.  *See* 68
3  F.3d at 1167–68.

4  Second, this result seems unlikely to create an incentive for forum-shopping.  "[O]ther
5  factors, like impartiality and speed of the court system," seem far more likely to "determine the
6  choice of forum."  *Id.* at 1168.  Although it is possible to conceive of a hypothetical case in which
7  expert witness fees might play an outsized role, choice of law rules should reflect the reality of
8  "the ordinary case, not a hypothetical one."  *Id.*

9  Third, and most importantly, the California legislature has not made expert witness fees
10 part of the "damages" due to a prevailing plaintiff under the Song-Beverly Act, as Oregon had
11 done in *Clausen*.  The Court of Appeal made this clear in *Jensen*: the state legislature recognized
12 expert witness fees as "court costs," not damages.  35 Cal. App. 4th at 138.  The Court of Appeal
13 did not claim to be interpreting questions of substantive state law.  For that reason, the procedure-
14 versus-substance distinction that proved dispositive in *Clausen* does not compel the adoption of
15 state law here.

16 The primary rationale favoring the opposite conclusion, that Song-Beverly Act expert
17 witness "expenses" may indeed be taxed in federal court, emphasizes the California legislature's
18 decision "to permit the recovery of expert witness fees by prevailing buyers."  *See, e.g.*, *Forouzan*
19 *v. BMW of N. Am., LLC*, 390 F. Supp. 3d 1184, 1187–88 (C.D. Cal. 2019) (quoting *Jensen*, 35
20 Cal. App. 4th at 138).  District courts reaching this conclusion cite, for example, the Court of
21 Appeal's quotation in *Jensen* of an "analysis by the Assembly Committee on Labor, Employment,
22 and Consumer Affairs," which found that "[i]ndigent consumers are often discouraged from
23 seeking legal redress due to court costs," such as "expert witness fees."  35 Cal. App. 4th at 138
24 (citation omitted).  District courts have thus drawn a parallel between that analysis and the Ninth
25 Circuit's decision to permit fee awards under Oregon law in *Clausen*, which cited that state's
26 "'special interest in providing litigants' with full compensation for reasonable sums expended."
27 339 F.3d at 1065 (quoting *Chevalier*, 953 F.2d at 886).
28 /////

1        But the Oregon legislature's decision to make fees a component of "damages" was the lynchpin of the Ninth Circuit's analysis in *Clausen*. In particular, the Circuit observed that "the question of the proper measure of damages is inseparably connected with the right of action, and numerous cases have held as much." *Id.* at 1065 (citation and quotation marks omitted). And it concluded by reiterating that point: "Because the measure of damages is a matter of state substantive law," the Circuit explained, "it would do violence to the principles enunciated in *Erie* to disregard Oregon law in favor of § 1821(b)." *Id.* at 1065–66 (citations and quotation marks omitted). Here, by contrast, although California has explained its decision to make expert witness fees part of the "costs and expenses" recoverable under state law, those "costs and expenses" remain the subject of procedural rules about court costs. Expressions of legislative purpose do not alone show a state law is substantive. *See, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 463–64 (1965) (enforcing the federal rule despite the First Circuit's decision below that a state rule was "substantive" in light of "relatively recent amendments" that "evince[d] a clear legislative purpose" (other alterations omitted)).

       BMW's objections to the bill of costs are **sustained**. Expert witness fees are not taxed. **Costs taxed are $1,706.95.**

       This order resolves ECF No. 28.

IT IS SO ORDERED.

DATED: February 10, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5